**FRIENDSHIP NEIGHBORHOOD COALITION, Petitioner,**

v.

**DISTRICT OF COLUMBIA ZONING COMMISSION, Respondent.**

No. 85–1520.

District of Columbia Court of Appeals.

Argued Sept. 30, 1986.

Decided Oct. 24, 1986.

Before NEBEKER and NEWMAN, Associate Judges, and PAIR, Senior Judge.

## ORDER

PER CURIAM.

This order follows from a Petition for Review of the District of Columbia Zoning Commission's action in case number 84–20P in which the Commission gave first-stage approval to an application for a planned unit development (PUD).

■ We are advised that the Commission's procedure for reviewing a PUD application typically occurs in two stages. 11 DCMR § 2402 (1986). Furthermore, we note that the Commission's actions in review of an application in the second stage are different than the proceedings which take place during the first stage of review. *Id.* at § 2402.1. While we have jurisdiction to review the Commission's actions after the first stage of the procedure is complete, *see Dupont Circle Citizens Association v. District of Columbia Zoning Commission,* 426 A.2d 327 (D.C.1981), this court may, in its discretion, defer review until the Commission has concluded its second-stage handling of the PUD application. *See Ogden v. Zuckert,* 111 U.S.App.D.C. 398, 403, 298 F.2d 312, 317 (1961). This is so particularly where first-stage judicial review and final Commission action are concurrent or, as here, nearly so.

■ On consideration of the briefs and other pleadings of the parties, the administrative record and the argument presented before this court, we conclude that the interest of judicial efficiency and economy is best served in this case by deferring final consideration of the issues raised until the Commission has completed its action with respect to the second stage of the PUD application process. We are advised that the Commission will conclude its sec-

ond-stage review of the PUD application shortly. Accordingly, it is

ORDERED that this petition for review is held in abeyance pending petitioner's notification to the Clerk of final Commission action and whether review thereof will be sought. Should further review be sought, it is

FURTHER ORDERED that the petitions for review shall be consolidated for all purposes before this division, and the cases shall be subject to prebriefing conference proceedings where an appendix of the record shall be determined for duplication, the issues narrowed and identified, and a briefing schedule determined. The procedures and timing schedule set forth in this courts Rule 7A shall, to the extent applicable, be followed.

NEWMAN, Associate Judge, concurring:

I join fully in the *Order* but write separately to express my view that *Dupont Circle Citizens Association v. District of Columbia,* 426 A.2d 327 (D.C.1981) (ruling of the Commission granting first-stage approval of a PUD is an appealable order), is wrongly decided. This case presents a classic example of why this is so.